# United States Court of Appeals
# for the Fifth Circuit

No. 22-40722
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
June 14, 2023
Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Andrian Page,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:18-CR-15-1

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Andrian Page pleaded guilty to sexual exploitation of children, distribution of child pornography, receipt of child pornography, and possession of child pornography. Page appeals one of his supervised release conditions that he not possess or use "computers or other electronic communications or data storage devices or media, without the

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40722

prior approval of the probation officer." He challenges the notion that this condition requires him to seek approval for each individual instance that he accesses a computer.

Our review is for plain error because Page did not object to this condition before the district court. *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015). He must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, alteration, and citation omitted).

We have held that special conditions requiring a defendant to obtain prior approval for *each* use of an electronic device to access the internet are unreasonably restrictive. *United States v. Naidoo*, 995 F.3d 367, 374 (5th Cir. 2021); *United States v. Sealed Juvenile*, 781 F.3d 747, 756-57 (5th Cir. 2015). The Government agrees that such an interpretation is improper and counter to how the condition is written, and requests that we affirm the condition with instructions that "prior approval" does not require individual approval for each specific instance of computer use. *See Naidoo*, 995 F.3d at 374. We have previously done so in similar cases. *See id.* at 384; *Sealed Juvenile*, 781 F.3d at 758; *United States v. Clark*, 784 F. App'x 190, 191 (5th Cir. 2019); *United States v. Melton*, 753 F. App'x 283, 288-89 (5th Cir. 2018).

We AFFIRM the condition of prior approval subject to the interpretation that such condition does not require Page to seek approval prior to each use of a computer or other covered device or media.